875 F.2d 868
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Theodore L. JOHNSON, Jr., Defendant-Appellant.
 No. 88-3827.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1989.
 
 Before KEITH, KENNEDY and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Defendant Theodore L. Johnson, Jr., appeals from his convictions by jury verdict of armed bank robbery, 18 U.S.C. Sec. 2113(a) and (d), and unarmed bank robbery, 18 U.S.C. Sec. 2113(a). We affirm.
 
 
 2
 In March 1988, defendant and co-defendant Ricky Wilson were indicted for four bank robberies committed in Columbus, Ohio, in January and February 1988. After the jury was impaneled, the district court ordered that Wilson's case be severed and directed that a determination be made whether Wilson was mentally competent to stand trial. The defendant's trial proceeded, and the jury convicted him on all four counts of bank robbery. The district court sentenced him to ten years' imprisonment on each count, to be served concurrently, and to a five-year period of supervised release. This appeal followed the trial court's denial of defendant's post-trial motions.
 
 I.
 
 3
 Defendant's primary argument on appeal is that the district court committed reversible error by denying his challenge to the venire. Defendant, a black man, contends that the composition of the venire, which included no black persons, constituted a prima facie violation of his sixth amendment right to a jury selected from a fair cross section of the community and that he was entitled to an evidentiary hearing on the issue.
 
 
 4
 The Supreme Court has held that the sixth amendment requires that juries must be drawn from a fair cross section of the community. Taylor v. Louisiana, 419 U.S. 522, 530 (1975). To establish a prima facie violation of the fair-cross-section requirement, a defendant must show:
 
 
 5
 (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.
 
 
 6
 Duren v. Missouri, 439 U.S. 357, 364 (1979).
 
 
 7
 Applying the Duren test to this case, it is undisputed that black persons constitute a "distinctive group in the community" such that their systematic exclusion from jury panels would violate the sixth amendment fair-cross-section requirement. However, defendant has made no showing whatsoever that requirements (2) and (3) of the Duren test have been satisfied--that the representation of black persons on venires in the Southern District of Ohio is not "fair and reasonable in relation to the number of [blacks] in the community" and that any such underrepresentation "is due to systematic exclusion of [blacks] in the jury-selection process." Defendant merely points to the fact that the venire in this case included no black persons. Under Duren, therefore, defendant has not established a prima facie violation of the sixth amendment fair-cross-section requirement.
 
 
 8
 Defendant nevertheless argues that under Batson v. Kentucky, 476 U.S. 79 (1986), a prima facie fair-cross-section violation may be established by the fact that the venire in this case included no black persons. Batson, however, was not based on the sixth amendment fair-cross-section requirement. In Batson, the Supreme Court held that a defendant may establish a prima facie equal protection violation by showing that he is a "member of a cognizable racial group, that the prosecutor exercised peremptory challenges to remove from the venire members of the defendant's race," and "that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race." 476 U.S. at 96. Nowhere in Batson did the Supreme Court indicate that it was overruling the Duren test for establishing a prima facie violation of the fair-cross-section requirement, and, significantly, defendant, unlike Batson, has shown no government conduct that systematically excluded blacks from the venire.[1] We therefore hold that Batson is inapposite, and we affirm the district court's rejection of defendant's fair-cross-section challenge to the venire.
 
 II.
 
 9
 Defendant also raises three challenges to the district court's jury selection procedure: 1) that the court erred by requiring defendant to exercise peremptory challenges jointly with co-defendant Wilson, who was subsequently severed from the trial; 2) that the court erred in denying defendant's challenge for cause of a juror who was employed at a bank; and 3) that the court erred in curtailing defendant's inquiry into political activities of venirepersons. Based on our review of the record, we find no abuse of the broad discretion vested in a trial court to impanel a jury, see, e.g., United States v. Blanton, 719 F.2d 815, 822 (6th Cir.1983), cert. denied, 465 U.S. 1099 (1984), and we reject these assignments of error as having no merit.
 
 III.
 
 10
 Defendant argues next that the district court erred in its rulings on defendant's various disclosure motions under the Jenks Act, 18 U.S.C. Sec. 3500, Fed.R.Crim.P. 16 and 26.2, Brady v. Maryland, 373 U.S. 83 (1963), and Fed.R.Evid. 612. In response to defendant's requests for disclosure, the district court conducted in camera reviews of witness summaries prepared by F.B.I. agents and ordered disclosure of one summary as a witness statement under the Jenks Act. The prosecution also turned over to defendant materials it deemed to be potential Brady materials. Defendant makes no showing whatsoever that he is entitled to further disclosure of any materials. This court has stated that the Jenks Act "was designed to prevent defendants from engaging in 'blind fishing expeditions' through the government's files," United States v. Presser, 844 F.2d 1275, 1283 (6th Cir.1988), and the Supreme Court has held that, under Brady,
 
 
 11
 [u]nless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecution's decision on disclosure is final. Defense counsel has no constitutional right to conduct his own search of the State's files to argue relevance. See Weatherford v. Bursey, 429 US 545, 559, 51 L Ed 2d 30, 97 S Ct 837 (1977) ("There is no general constitutional right to discovery in a criminal case, and Brady did not create one").
 
 
 12
 Pennsylvania v. Ritchie, 480 U.S. 39, 94 L.Ed.2d 40, 59 (1987) (footnote omitted). We find no error in the district court's rulings on defendant's disclosure motions.
 
 IV.
 
 13
 Defendant's remaining arguments on appeal challenge the district court's severance of co-defendant Wilson's case, the court's denial of defendant's motion in limine, the court's re-reading of a portion of testimony for the jury while it deliberated, and the court's denial of defendant's motion for acquittal. We find these arguments to be without merit, and we affirm the district court's rulings on these issues.
 
 
 14
 For the foregoing reasons defendant's convictions are AFFIRMED.
 
 
 
 [1]
 The district court expressly granted defendant an opportunity to introduce evidence in support of his venire challenge, but defendant declined to do so